

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

PHILIP WATTS,

    Petitioner

v.

U.S. SECURITIES AND EXCHANGE COMMISSION,

    Respondent.

No. 06-1307

Case: 1:07-cv-00659
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 4/10/2007
Description: WATTS v. SEC et. al.

### PETITION FOR REVIEW

Petitioner Sir Philip Watts ("Watts") hereby petitions for review of a final determination or order issued by the Securities and Exchange Commission ("SEC"), styled "Order Denying Petition For Review" ("Order"). A copy of the Order is attached hereto. The Order is dated August 1, 2006, and was served on August 2, 2006. It denies Watts' request that it "authorize testimony requested in [deposition] subpoenas issued to the Commission and to [three members of] Commission staff."

    1.    This court has jurisdiction pursuant to 15 U.S.C. § 78y(a)(1) and 5 U.S.C. § 701, *et seq.*, in that this is a petition to review a final determination made by the SEC. Venue is proper pursuant to 15 U.S.C. § 78y(a)(1) and 5 U.S.C. § 701, *et seq.* This petition is timely under 15 U.S.C. § 78y(a)(1). The SEC is a proper respondent under Federal Rule of Appellate Procedure 15(a) and 15 U.S.C. § 78y(a)(1).

2. Watts asks the Court: (a) to set aside the Order on the grounds that it is arbitrary and capricious, contrary to governing law, and represented an abuse of discretion, and (b) to order the SEC to authorize testimony by the SEC and the relevant employees.

Respectfully submitted,

*Andrew J. Morris* (D.C. Bar No. 411865)
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006-1101
(202) 263-3000

*Counsel for Sir Philip B. Watts*

<u>Of Counsel</u>
Joseph I. Goldstein
Adriaen M. Morse, Jr.
Aimée D. Latimer
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, D.C. 20006-1101
(202) 263-3000

August 21, 2006

# CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2006, I caused the foregoing Petitioner's Motion for Expedited Review and all accompanying papers, to be served to the following by hand-delivery:

>Richard Humes
>Brian G. Cartwright
>Kathleen Cody
>United States Securities and Exchange Commission
>100 F Street NE
>Washington, DC 20549-9612

*Counsel for the SEC*

>_____
>Andrew J. Morris
>MAYER BROWN ROWE & MAW LLP
>1909 K Street, NW
>Washington, D.C. 20006-1101

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

SECURITIES EXCHANGE ACT of 1934
Rel. No. 54259 / August 1, 2006

---

In the Matter of

ROYAL DUTCH/ SHELL TRANSPORT
SECURITIES LITIGATION, Civ. Action
No. 04-CV-374 (D.N.J.)

---

ORDER DENYING PETITION FOR REVIEW

Pursuant to Rule 431(b)(2) of the Rules of Practice,[1] it is ORDERED that the Petition for Review of Sir Philip B. Watts for review of the April 27, 2006 decision by delegated authority of the Office of the General Counsel ("Office") declining to authorize testimony requested in subpoenas issued to the Commission and to Commission staff (Roger Schwall, James Murphy, and Ron Winfrey) is hereby denied.

In February 2006, Watts served a subpoena on the Commission seeking testimony under the procedures described in Rule 30(b)(6) of the Federal Rules of Civil Procedure and also served subpoenas on Schwall, Murphy, and Winfrey, seeking testimony from each of them. On April 27, 2006, the Office notified Watts that it would not authorize testimony pursuant to any of those subpoenas. The Office first stated that the subpoena to the Commission was not valid because Rule 45 of the Federal Rules of Civil Procedure does not authorize subpoenas to federal government agencies. The Office also stated that all of the subpoenas sought information protected by the deliberative process privilege and that Watts had not shown that he could overcome that privilege. Finally, the Office stated that providing the testimony would be unduly burdensome because to the extent the subpoenas seek information about non-privileged communications, the staff had no recollection of the content of the communications beyond what was contained in documents the Commission had produced to Watts. In his Petition for Review, Watts contends that none of these reasons justifies a refusal to produce testimony pursuant to subpoenas.

---

[1] 17 CFR 201.431(b)(2).

In considering whether to accept or reject the Petition, Rule 411(b)(2) of the Rules of Practice[2] requires that the Commission determine whether:

> (i) a prejudicial error was committed in the conduct of the proceeding; or
>
> (ii) the decision embodies:
>
> (A) a finding or conclusion of material fact that is clearly erroneous; or
>
> (B) a conclusion of law that is erroneous; or
>
> (C) an exercise of discretion or decision of law or policy that is important and that the Commission should review.

The Petition does not allege that any prejudicial error was committed in the conduct of the proceedings, and the Commission finds that no such prejudicial error occurred.

The Commission also finds that the Office's decision does not embody a finding of material fact that is clearly erroneous. The Office made the following findings of fact. The subpoenas seek testimony regarding the drafting, editing, review, approval, or application of Rule 4-10 of Regulation S-X, 17 C.F.R. 210.4-10 and of documents the petitioner refers to as the Staff Outline.[3] Also, the subpoenas seek testimony regarding contemplated changes or modifications to Rule 4-10 or the Staff Outline. Those categories of testimony would concern deliberations regarding what would and would not be included in the rule and other documents and deliberations leading to decisions regarding whether to make changes or modifications and, if so, what they should be. Watts did not establish that staff deliberations that have never been made public or communicated to third parties are relevant to the underlying litigation. Finally, to the extent Watts is seeking non-privileged information, primarily communications with third parties, the documents that the staff has agreed to produce reflect those communications, and the Petition does not provide any claim that the staff can provide the content of additional non-privileged communications. None of those findings of fact are clearly erroneous. Indeed, they are all fully supported by the record.

With respect to conclusions of law, after the Office declined to authorize the testimony, the United States Court of Appeals for the District of Columbia Circuit held that Rule 45 of the Federal Rules of Civil Procedure authorizes subpoenas to the government. *Yousuf v. Samantar*,

---

[2] 17 CFR 201.411(b)(2).

[3] Petitioner includes the following documents in the definition of "Staff Outline": (a) Division of Corporation Finance: Current Accounting and Disclosure Issues, dated June 30, 2000; (b) Current Issues and Rulemaking Projects, dated November 14, 2000; and (c) Division of Corporation Finance: Frequently Requested Accounting and Financial Reporting Interpretations and Guidance, dated March 31, 2001, and any subsequent amendments or versions of these documents.

No. 05-5197 (D.C. Cir. June 16, 2006). Nonetheless, the Commission finds that the Office's remaining conclusions of law were correct and that they are sufficient to support its conclusions. The Office made the following conclusions of law. The subpoenas seek deliberations protected by the deliberative process privilege. That privilege protects predecisional deliberations, *NLRB v. Sears Roebuck & Co.*, 421 U.S. 132 (1975), and because the categories of information Watts is seeking are necessarily deliberations leading to decisions, they come within the privilege.[4] Watts' reasons for seeking the deliberations are not sufficient to overcome the privilege because staff views are necessarily irrelevant to any action that Shell took, and preliminary staff views do not reveal any SEC position or practice. To the extent Watts is seeking information that is not privileged, allowing staff to appear for testimony would place an undue burden on the Commission because Watts can better get the non-privileged information from documents, including Rule 4-10, the Staff, Outline, and the documents produced to Watts by the Commission. None of those findings of fact are clearly erroneous. The Office properly found that the Commission's deliberative processes must be protected and that providing testimony can cause an undue burden on the Commission, and we fully support the Office's conclusions. Many litigants seek testimony from Commission staff, and if the Commission had to allow staff to appear in every case analogous to this one, the burden on the Commission's limited resources would be too great.

Finally, the Commission also finds that the Office's decision does not embody an exercise of discretion or a decision of law or policy that is important and that the Commission should review. Indeed, the Office has acted in furtherance of Commission policy by protecting predecisional deliberations and avoiding burdening staff with the obligation of providing testimony when staff likely have no non-privileged information that is not contained in documents that are public or that the Commission has agreed to produce.

Because Watts has not satisfied any of the factors in Rule 411(b)(2) of the Rules of Practice, his Petition for Review is denied.

By the Commission.

*Nancy M. Morris*
Nancy M. Morris
Secretary

---

[4] To the extent Commission releases or other documents released to the public by the Commission or its staff explain the drafting, editing, review, approval, or application of Rule 4-10 or the Staff Outline or any contemplated changes or modifications to Rule 4-10 or the Staff Outline, the information is not privileged. However, as the Office found, asking staff to provide testimony regarding information that is in publicly available documents is unnecessary and would place an undue burden on the Commission.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-659
C CKK

## I (a) PLAINTIFFS

WATTS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

SEC et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00659
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 4/10/2007
Description: WATTS v. SEC et. al.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☒ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☒ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☒ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

NO FEE PAID

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☒ 5 Transferred from another district (specify) **USCA**  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $    Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction) ☐ YES ☐ NO  If yes, please complete related case form.

DATE 4/10/07    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

# General Docket
## D.C. Circuit Court of Appeals

06-1307

06-1307

| | |
|---|---|
| Court of Appeals Docket #: 06-1307<br>Nsuit:     0<br>Watts, Philip v. SEC, et al<br><br>Appeal from: Securities & Exchange Commission | Filed: 8/21/06 |
| Lower court information:<br><br>    District: 0090-1 : SEC-04CV374<br>    Date Filed: \*\*/\*\*/\*\*<br>    Date order/judgment: \*\*/\*\*/\*\*<br>    Date NOA filed: \*\*/\*\*/\*\* | |
| Fee status: paid | |
| Prior cases:<br>   None<br>Current cases:<br>   None | |

| | |
|---|---|
| PHILIP WATTS<br>    Petitioner | Andrew J. Morris<br>202-263-3252<br>[COR LD NTC ret]<br>Mayer, Brown, Rowe & Maw LLP<br>1909 K Street, NW<br>Washington, DC 20006-1101<br>202-263-3000 |
| v. | |
| SECURITIES AND EXCHANGE<br>COMMISSION<br>    Respondent | Kathleen Cody, Senior Counsel<br>202 942-0842<br>Mail Stop 6-6<br>[COR LD NTC gvt]<br>Brian Grant Cartwright<br>202-551-5189<br>[COR gvt]<br>Melinda Hardy<br>FAX 202-772-9263<br>202-551-5149<br>[COR ret]<br>Securities & Exchange<br>Commission<br>(SEC)<br>100 F Street, NE<br>Washington, DC 20549-8010<br><br>Mark B. Stern<br>FAX 202-307-2551<br>202-514-5089<br>Room 7531<br>[COR LD NTC gvt]<br>Tara Leigh Grove<br>FAX 202-514-7964<br>202-514-1201<br>Room 7230<br>[COR gvt]<br>U.S. Department of Justice<br>(DOJ) Civil Division, Appellate<br>Staff<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 |
| DEPARTMENT OF JUSTICE<br>    Respondent | Tara Leigh Grove<br>(See above)<br>[COR LD NTC gvt] |

06-1307  Watts, Philip v. SEC, et al

Philip Watts

        Petitioner

  v.

Securities and Exchange Commission; Department of Justice

        Respondents

06-1307  Watts, Philip v. SEC, et al

| Date | | Entry |
|---|---|---|
| 8/21/06 | ✓ | PETITION FOR REVIEW CASE docketed. Petition for Review filed by Petitioner Philip Watts. [988444-1] (tag) |
| 8/21/06 | ✓ | MOTION filed (5 copies) by Petitioner Philip Watts (certificate of personal service dated 8/21/06 ) to expedite case [988445-1] Response due on 8/31/06 ; . (tag) |
| 8/31/06 | ✓ | OPPOSITION filed [989948-1] (5 copies) by Respondent SEC (certificate of service by mail dated 8/31/06) to a motion expedite case [988445-1]. (mam) |
| 9/15/06 | ✓ | PER CURIAM ORDER filed [991988] considering motion to expedite review [988445-1] filed by Philip Watts; Establishing the initial briefing schedule [991988-1] : Petitioner's brief due on 9/29/06 ; Petitioner's appendix due on 9/29/06 ; Respondent's brief due on 10/27/06 ; Petitioner's reply brief due on 11/3/06; Clerk to schedule this case for argument on the first appropriate date following the completion of briefing; The Court will not entertain dispositive motions in this case. Before Judges Rogers, Griffith, Kavanaugh . [Entry Date: 9/15/06] (cwc) |
| 9/27/06 | ✓ | INITIAL SUBMISSIONS filed by Respondent SEC [996251-1] : certified index to the record. (hts) |
| 9/28/06 | ✓ | CLERK'S ORDER filed [994281] directing Respondent to file [994281-1] : certified index to the record due 10/12/06 for SEC ;  . [Entry Date: 9/28/06] (tag) |
| 9/29/06 | ✓ | BRIEF filed by Petitioner Philip Watts [998061-1] . Copies: 14 . Certificate of service date 9/29/06 . (mcm) |
| 9/29/06 | | JOINT APPENDIX filed by Petitioner Philip Watts [998064-1] . Copies: 14 . Certificate of service date 9/29/06 . (mcm) |
| 10/12/06 | ✓ | NOTICE filed by Respondent SEC of filing of Certified index to the record [1000514-1]. Certificate of service date 10/12/06. (hts) |
| 10/18/06 | ✓ | CLERK'S ORDER filed [998541] to schedule oral argument [998541-1] before Judge Initials: JRB BMK SFW on 12/7/06 at 9:30 AM . [Entry Date: 10/18/06] (cwc) |
| 10/19/06 | ✓ | SUPPLEMENT  (errata - revised table of authorities) to [999058-1] petitioner's brief [998061-1] filed by Petitioner Philip Watts . (mam) |
| 10/27/06 | ✓ | BRIEF filed by Respondent SEC [1002931-1]. Copies: 15. Certificate of personal service date 10/27/06. (krm) |
| 11/3/06 | ✓ | REPLY BRIEF filed by Petitioner Philip Watts [1002936-1] . Copies: 15. Certificate of mail service date 11/3/06. (krm) |

| Date | | Entry |
|---|---|---|
| 11/27/06 | ✓ | PER CURIAM ORDER filed [1006493] to allocate oral argument times: APET minutes- 10   ERES minutes- 10. [1006493-1], one counsel per side  to argue. [1006493-2] Oral argument scheduled for 12/7/06, Form 72 notice of attorney arguing case - [1006493-3] due 12/4/06. [Entry Date: 11/27/06] (cwc) |
| 11/28/06 | | FORM 72 filed by Attorney Melinda Hardy on behalf of respondent Securities and Exchange Commission [1007297-1] [1007297-2]  . (set) |
| 12/1/06 | | FORM 72 filed by Attorney Andrew J. Morris on behalf of petitioner Philip B. Morris [1008917-1] [1008917-2] . (set) |
| 12/7/06 | ✓ | ORAL ARGUMENT HELD before Brown, Kavanaugh, Williams  . (set) |
| 12/8/06 | ✓ | PER CURIAM ORDER filed [1009815] that the parties file supplemental briefs, nte 15 pages, by 4:00 p.m. December 21, 2006 addressing the following question: whether anonparty federal agency's determination to object to a subpoena, in a civil action, for desposition testimony of a person designated to testify on its behalf or of individual agency employees must be initially addressed by the United States District Court by which the subpoena was issued. See Fed. R. Civ. P. 30(b)(6); Fed R. Civ. P. 45; 5 U.S.C. Section 703. [1009815-1] Further Ordere that the Department of Justice is invited to file a brief, nte 15 pages, expressing the views of the United States on this question. Before Judges Brown, Kavanaugh, Williams. All submissions are to be hand-filed and hand-served. [Entry Date: 12/8/06] (lej) |
| 12/20/06 | ✓ | MOTION filed (5 copies) by Respondent SEC (certificate of mail service dated 12/20/06) to extend time to file [1012405-1] a supplemental brief [1009815-1] until 1/2/07. (hts) |
| 12/20/06 | ✓ | MOTION filed (5 copies) by DOJ (certificate of mail service dated 12/20/06) to extend time to file [1012407-1] a supplemental brief until 1/2/07. (hts) |
| 12/20/06 | ✓ | ENTRY OF APPEARANCE filed by Attorney Tara Leigh Grove for Respondent DOJ [1018079-1]. (hts) |
| 12/21/06 | ✓ | PER CURIAM ORDER filed [1012546] granting motions to extend time.  All supplemental briefs due 1/2/07. Before Judges Brown, Kavanaugh, Williams  . [Entry Date: 12/21/06] (mam) |
| 12/22/06 | ✓ | TRANSCRIPT of oral argument held on 12/7/06 . [988439-1] (mam) |
| 1/3/07 | | SUPPLEMENTAL  BRIEF filed by Petitioner Philip Watts [1014622-1] . Copies: 15 . Certificate of service date 1/2/07 . (mam) |

06-1307  Watts, Philip v. SEC, et al

| Date | | Description |
|---|---|---|
| 1/3/07 | ✓ | SUPPLEMENTAL BRIEF filed by Respondent SEC [1014623-1] . Copies: 15 . Certificate of service date 1/3/07 . (mam) |
| 1/3/07 | ✓ | NOTICE (in Letter form) filed by Respondent DOJ to join [1017964-1] in supplemental brief with SEC [1014623-1]. (hts) |
| 3/30/07 | | PER CURIAM ORDER filed [1031914] that this case be transferred to the United States District Court for the District of Columbia. The Clerk is directed to transmit the original file and a certified copy of this order to the USDC for DC. Before Judges Brown, Kavanaugh, Williams. [Entry Date: 3/30/07] (mcm) |
| 3/30/07 | | OPINION filed [1031918] ( 14 pgs ) for the Court by Judge Kavanaugh (mcm) |

# United States Court of Appeals

District of Columbia Circuit
Washington, D.C. 20001-2866

Mark J. Langer
Clerk

April 3, 2007

General Information
(202) 216-7000

Nancy Mayer-Whittington, Clerk
United States District Court
 for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Re:   06-1307, <u>Philip Watts v. Securities and Exchange Commission</u>

Dear Clerk of Court:

Pursuant to the order of this court filed March 30, 2007, a certified copy of which is enclosed, we are transmitting the court's original file. The docketing fee has been paid.

Please acknowledge receipt of the file by signing and returning to this office the enclosed copy of this letter.

Sincerely yours,

Michael C. McGrail
Deputy Clerk

Enclosures

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-1307**                                       **September Term, 2006**

Philip Watts,
      Petitioner

v.

Securities and Exchange Commission and
Department of Justice,
      Respondents



Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED  MAR 30 2007

CLERK

**BEFORE:** Brown and Kavanaugh, Circuit Judges, and Williams, Senior Circuit Judge

### ORDER

This petition for review of an order of the Securities and Exchange Commission was considered on the briefs, appendix, and oral argument of the parties. For the reasons set forth in the accompanying opinion, it is

**ORDERED** that the case be transferred to the United States District Court for the District of Columbia.

The Clerk is directed to transmit the original file and a certified copy of this order to the United States District Court for the District of Columbia.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: _____
Michael C. McGrail
Deputy Clerk

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

**Philip Watts**

Plaintiff(s),

vs.

Civil Case No: **07-659 CKK**

**Securities and Exchange Commission**

Defendant(s).

## NOTICE REGARDING BULKY FILING

Pursuant to the procedures for filing documents electronically, as outlined in the previous Order of the Court, this Notice serves as notification that the document no. 1 has been filed in paper form in the Clerk's Office. It is available for public viewing and copying between the hours of 9:00 a.m. and 4:00 p.m., Monday through Friday.

**NANCY MAYER-WHITTINGTON**

Clerk

**Date:** September22, 2003